MERRIFIELD *v.* WALTERS; et al.

Jan. 26, 1953

No. 38603      17 Adv. S. 25      62 So. 2d 361

*L. K. Saul* and *Geo. D. Maxey,* for appellant.

*Beard, Pack & Ratcliff,* for appellees.

ARRINGTON, J.

Bill of complaint was filed by John B. Merrifield, appellant herein, against A. F. Walters, W. H. Young, Mrs. J. M. Boleware, and C. C. Smith, to cancel certain deeds and to establish a trust, alleging a conspiracy and collusion between A. F. Walters, the purchaser at a fore-

closure sale, and C. C. Smith, trustee, of a deed of trust executed by appellant to Mrs. J. M. Boleware to secure a portion of the purchase price of the property involved, and W. H. Young, whom the appellant had contacted prior to the foreclosure sale and who had agreed to help appellant find a buyer for the property of appellant at private sale.

Appellee, A. F. Walters, filed an answer denying the allegations of the bill, and filed a cross-bill seeking to confirm his title to the property involved herein which he had acquired at the foreclosure sale. Upon the hearing, the chancellor dismissed the bill of complaint with prejudice and granted the relief prayed for in the cross-bill. It appears from the testimony that after C. C. Smith, trustee in the aforesaid deed of trust, advertised the property for sale, appellant sought out W. H. Young and asked him to help him find a buyer prior to the sale. Young attempted to find a buyer for appellant, contacting two prospective purchasers, carrying them to view the property, but they were not interested in buying the property at the price which appellant had placed upon it. Appellant testified that at the time of the sale, he had not heard from Young in several weeks. Young received no remuneration whatsoever for the services performed, but was to have received a commission if he had been able to make a sale. It appears from the testimony of appellant that Young had a conversation with C. C. Smith with reference to granting more time, and reported back to appellant that ''he talked like we could have some time''. Appellant also testified further that he wrote Mrs. Boleware for an extension of time but never heard from her.

On the day of the sale, W. H. Young was present and upon being asked by Smith, the trustee, if he knew of anyone who would likely be a bidder at the foreclosure sale, he replied that he understood that A. F. Walters owned adjoining land and that he might be interested.

Whereupon Smith then requested Young to call Walters, which he did; Walters came and bid on the property and being the highest bidder, the property was sold to him. The testimony does not disclose that the appellant ever had a conversation with A. F. Walters, appellee, prior to the foreclosure sale, or that W. H. Young ever made any agreement with appellant to purchase the property at the foreclosure sale for him. The testimony does not disclose any conversation or dealings between Walters and Young prior to the sale other than as stated above.

The chancellor found that a conspiracy had not been shown. We have carefully examined the record in this case and do not find that there was any evidence produced which would have justified a finding to the contrary.

Affirmed.

*McGehee, C. J.*, and *Hall, Holmes,* and *Lotterhos, JJ.,* concur.